103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nzinga OWOLO, Plaintiff-Appellant,
v.
CITY OF INGLEWOOD; Edward Vincent; Howard Rosten; Paul D.
Eckles, Defendants-Appellees.
 No. 96-55395.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Nov. 22, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an appeal from the denial of a preliminary injunction which was sought to prevent enforcement of a municipal anti-disruption ordinance and related California penal code provisions. Plaintiff attended a city council meeting and, after being warned not to disrupt speakers, was ejected. The sought injunction was part of an action brought by plaintiff Owolo against the City of Inglewood, California (the "City") and several city officials under 42 U.S.C. § 1983, for alleged violations of her First and Fourteenth Amendment rights. We find that the district court did not abuse its discretion, and we affirm the denial of the preliminary injunction.
 
 
 4
 In seeking a preliminary injunction, a plaintiff bears the burden of showing: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardships tipping sharply in [its] favor." Native Village of Qunihagak v. United States, 35 F.3d 388, 392 (9th Cir.1994) (internal citation omitted). On the record before the district court, Owolo failed to meet this burden.
 
 
 5
 Owolo first argues that her First Amendment rights were violated because the provisions were applied in an overbroad manner. Overbreadth is a challenge to the facial validity of the law which invalidates the law because it is likely to be applied to protected speech. See City of Houston v. Hill, 482 U.S. 451, 465 (1987). Owolo, however, admits that the challenged provisions are facially valid restrictions on the time, place and manner of speech, similar to those upheld by this court in White v. City of Norwalk, 900 F.2d 1421 (9th Cir.1990). Therefore, she has admitted that she has not raised a serious question of success on this claim.
 
 
 6
 Owolo also contends that the ordinances were applied to her in an unconstitutional manner, since her behavior was not really disruptive of the meeting she attended. The district court noted in a tentative ruling on the motion for preliminary injunction that the "evidence indicates that the ejectment was motivated by plaintiff's disruptive conduct and its effect on the order and decorum of the meeting." This finding is not clearly erroneous: in Owolo's own affidavit, she admits that she interrupted speakers and a councilmember with her applause, and that the mayor warned her clapping during speaker's comments or other disruptive behavior would not be allowed. Cf. Kindt v. Santa Monica Rent Control Board, 67 F.3d 266 (9th Cir.1995).
 
 
 7
 Finally, Owolo claims that because of the manner in which the California Penal Code has been applied to her, she has not been treated like similarly situated "residents of other cities of California".[1] She does not demonstrate, however, that the residents of these other cities are "similarly situated," or that she is being treated differently from them. Therefore, she has failed to adduce any evidence suggesting a serious question on the merits of this issue.
 
 
 8
 On the basis of the foregoing, we find that the district court did not abuse its discretion, and the order denying the motion for preliminary junction is hereby AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Presumably, the "other city" argument applies only to the California Penal Code, since obviously the Inglewood ordinances could not be applied at other cities' council meetings